IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Patent Group LLC, | § | |
|     Relator | § | |
| | § | |
| v. | § | Civil Action No. 2:10-cv-354-TJW-CE |
| | § | |
| | § | |
| Grand Enterprises West, Inc., | § | |
|     Defendant | § | Jury Trial Demanded |

**RELATOR PATENT GROUP'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DIMISS**

*Quit tam* relator Patent Group, LLC ("Relator") files this Response in Opposition to Grand Enterprises West, Inc.'s ("Defendant" or "Grand") Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) ("Motion"), and respectfully shows as follows:

**I.     INTRODUCTION**

As described in detail below, Defendant's Motion should be denied in its entirety for three reasons. First and foremost, Defendant's argument that false marking claims must be pled with heightened specificity is incorrect because Fed. R. Civ. P. 9(b) does not apply to false marking cases. This is demonstrated by direct authority from this Court. As such, Relator's Complaint has provided "a short and plain statement of the claim showing that it is entitled to relief" pursuant to Fed. R. Civ. P. 8(a). Second, under either pleading standard Relator has sufficiently alleged that Defendant knowingly marked its products with expired patent numbers. As a result, Relator is entitled to a "rebuttable presumption" that Defendant intentionally falsely marked its products for the purpose of deceiving the public. Finally, assuming that Rule 9(b) did

1

apply, Relator has pleaded enough facts to illustrate the who, what, when, where, and how of the alleged fraud.

Relator has alleged sufficient facts to meet the pleading standards of Rule 8(a) and Rule 9(b) and Defendant has failed to meet the heavy burden required for dismissal under Fed. R. Civ. P. 12(b)(6) and 9(b). As a result, this case should not be dismissed.

## II.   BACKGROUND

On September 10, 2010, Relator filed its *qui tam* Complaint pursuant to the false marking statute, 35 U.S.C. § 292 ("Section 292"). (Dkt #1, Complaint). The Complaint alleges that Defendant falsely marked many of its products, including but not limited to its Pow'r Wrap devices with U.S. Patent No. 5,050,877, despite the fact that this patent expired on November 20, 2009. (Complaint at ¶¶ 12-29). The Complaint further alleges that the Defendant's false marking of these products was done "with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patent and inhibiting competition." (Complaint at ¶ 26).

## III.   ARGUMENT

### A.   Relator's Complaint Provides Defendant with Sufficient Notice of Its Cause of Action Pursuant to Fed. R. Civ. P. 8(a).

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define

disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Section 292 requires that false marking be done with the "purpose of deceiving the public." 35 U.S.C. § 292. As the Federal Circuit has noted, "the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." *Clontech Labs. V. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). Thus, once Relator has pled that false marking has occurred and that the defendant had knowledge of the false marking, a "rebuttable presumption" arises that the defendant falsely marked its product with the intention of deceiving the public. *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010). A product marked with an expired patent constitutes a false marking. *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1361 (Fed. Cir. 2010) ("In sum, we agree with Pequignot and the district court that articles marked with expired patent numbers are falsely marked.").

Here, Relator's Complaint expressly avers that Defendant falsely marked its products with an expired patent. (Complaint at ¶¶ 14-16). Relator's Complaint also avers that Defendant

knew or should have known that the patent had already expired at the same time Defendant was marking and advertising its products with the expired patent (*Id.* at ¶¶ 22-23) because Defendant is a sophisticated company (*Id.* at ¶ 18) that had notice of the patent's expiration (*Id.* at ¶ 19) and did not own a license to the patent nor pay a maintenance fee to maintain the patent. (*Id.* at ¶ 21). These detailed factual allegations set forth sufficient facts to support a facially plausible inference that the products are unpatented articles under Section 292, and further give rise to the presumption that Defendant acted with deceptive intent, as set forth in *Pequignot*. Averment of these facts is more than enough to survive a motion to dismiss pursuant to Rule 12(b)(6).

    B.    **The Heightened Pleading Requirements of Rule 9(b) Do Not Apply to False Marking Claims.**

As noted above, generally the Federal Rules only require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Skierkiewicz*, 534 U.S. at 508 (citing Fed. R. Civ. P. 8(a)). For fraud claims, however, the pleader must "state with particularity the circumstances constituting fraud…. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The particularity required under Rule 9(b) must include "enough facts to illustrate the who, what, when, where, and how of the alleged fraud." *Carroll v. Ft. James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (internal quotations omitted). A dismissal for failure to plead fraud with particularity according to Rule 9(b) is treated as a dismissal under Rule 12(b)(6).

**This Court has held time and again that the heightened pleading requirements of Rule 9(b) do not apply to false marking actions brought under Section 292**. *See, e.g.*, *Astec Am., Inc. v. Power-One, Inc.*, 2008 WL 1734833, at \*12 (E.D. Tex. Apr. 11, 2008) (Love, M.J.) (holding that Rule 9(b) does not apply to claims under 35 U.S.C. § 292); *see also Promote Innovation LLC v. Ranbaxy Laboratories, Inc.*, No. 2:10-cv-121, 2010 WL 3120040 (E.D. Tex.

July 14, 2010) (Everingham, M.J.). In *Astec America*, the defendant urged this Court to apply the heightened pleading requirements of Rule 9(b) to the false marking claim asserted against it, arguing that "because a false marking claim requires an allegation of deceptive intent, it is similar to an averment of fraud, which must be plead with specificity." 2008 WL 1734833 at * 12. The Court rejected this argument and denied the defendant's motion to dismiss pursuant to Rule 12(b)(6) and further noted that the heightened pleading requirements of Rule 9(b) are generally limited to allegations of fraud and mistake. *Id.* (citing *Swierkiewicz*, 534 U.S. at 513). Faced with the exact same issue again in *Promote Innovation LLC*, this Court analyzed differing case law from other jurisdictions regarding the application of Rule 9(b) to false marking claims, but was ultimately "persuaded by Judge Love's analysis in *Astec America*" and recommended denying the defendant's motion to dismiss pursuant to Rule 12(b)(6). *Promote Innovation LLC*, 2010 WL 3120040 at *2-3.

More importantly, this Court recently reiterated its support of its earlier holdings from *Promote Innovation LLC* and *Astec America*, *i.e.*, that the heightened pleading standard of Rule 9(b) does not apply to false marking claims under 35 U.S.C. § 292. *See Promote Innovation, LLC v. Eisai, Inc.*, No. 2:10-cv-119-TJW (E.D. Tex. Nov. 23, 2010) (Dkt. #28) (attached as Ex. 1); *see also Promote Innovation, LLC v. Intendis, Inc.*, No. 2:10-cv-247-TJW (E.D. Tex. Nov. 23, 2010) (Dkt. #19) (attached as Ex. 2); *see also Promote Innovation, LLC v. Toshiba Corp. et al.*, 2:10-cv-100-TJW (E.D. Tex. Nov. 23, 2010) (Dkt. #96) (attached as Ex. 3); *see also Promote Innovation, LLC v. Skinmedica, Inc. Bristol-Myers Squibb Co.*, No. 2:10-cv-245-TJW (E.D. Tex. Nov. 23, 2010) (Dkt. #27) (attached as Ex. 4); *see also Texas Data Co., L.L.C. v. Target Brands, Inc. et al.*, No. 2:10-cv-269-TJW (E.D. Tex. Nov. 24, 2010) (Dkt. #30) (attached as Ex. 5). In doing so, the Court denied each of the defendants' motions to dismiss in those cases. *See id.*

Notably, the complaints in each of the five aforementioned cases allege similar allegations to those made by Patent Group against Defendant in this case, *e.g.*, that Defendant is a sophisticated company with many years of experience applying for, maintaining, and litigating patents, that Defendant had notice of the expiration of the patents-at-issue by, inter alia, the fact that it no longer paid maintenance fees after the patents expired, and that the Defendant continued to mark its products with an expired patent despite this fact. *Compare* complaints from Exs. 1-5 *with* Relator's Complaint. Given these factual allegations, it is clear that Patent Group's Complaint sufficiently alleges a false marking cause of action against Defendant under Rule 8 and Defendant's Motion must be denied.

These holdings are consistent with the Federal Circuit's ruling in the *Solo Cup* case, where the Federal Circuit specifically distinguished between the standard of proof for false marking claims and inequitable conduct claims. *Solo Cup*, 608 F.3d at 1363-64. An inequitable conduct claim, which is a fraud-based claim, must be proven by clear and convincing evidence. *Id*. A false marking claim under Section 292, on the other hand, simply requires a preponderance of the evidence. *Id*. Thus, the Federal Circuit's distinction between the standard of proof required for a false marking claim and a fraud-based claim strongly suggests that Rule 9(b)'s heightened pleading standard should not apply to claims under Section 292.

    **C.**    **Relator's Complaint Has Satisfied Rule 9(b) Even Though It Is Not Subject to It.**

According to the Federal Circuit, the Relator must plead that: 1) Defendant's product is falsely marked, and 2) that Defendant lacked a reasonable belief that its product was properly marked. *Clontech Labs.*, 406 F.3d at 1352-53. If Rule 9(b) applies, the Relator must allege "enough facts to illustrate the who, what, when, where, and how of the alleged fraud." *Carroll*,

470 F.3d at 1174. Here, Relator's Complaint easily satisfies this standard. The Complaint answers the following questions:

- Who committed the false marking? *Answer: Grand.* (Complaint at ¶¶ 7, 26, 29);

- What products were falsely marked? *Answer: Defendant's Pow'r Wrap devices. (Id. at ¶¶ 10, 14);*

- What patents were falsely marked? *Answer: U.S. Patent No. 5,050,877 (Id. at ¶¶ 22-24, 26);*

- Where did the false marking occur? *Answer: On the Pow'r Wrap devices. (Id. at ¶¶ 14, 22-23);*

- When did the false marking take place? *Answer: After the expired patent expired. (Id. at ¶¶ 15-26);*

- How did the false marking take place? *Answer: By marking and/or advertising the expired patent numbers on the accused products. (Id. at ¶¶ 26-28).*

The Northern District of Illinois, in denying defendant's motion to dismiss plaintiff's false marking claims under the heightened pleading standard of Rule 9(b), performed the exact same analysis as demonstrated above and held that the plaintiff's false marking complaint had sufficiently met the who, what, when, where, and how requirements of Rule 9(b). *See Simonian v. Blistex, Inc.*, No. 10 CV 01201, 2010 WL 4539450 at *6 (N.D. Ill. Nov. 3, 2010).

Relator's Complaint also alleges sufficient facts to show that Defendant had knowledge of its false marking. For example, the Complaint alleges that Defendant is a sophisticated company with many decades of experience applying for, obtaining, maintaining, and litigating patents; and that Defendant has patent counsel responsible for managing its intellectual property. *Id.* at ¶¶ 18-19. Furthermore, Defendant or its patent counsel would have received notice of the

expiration date of the patent-at-issue by, inter alia, the fact that it was not paying a maintenance fee for the expired patent. *Id*. at ¶¶ 19-21. Taken together, these allegations support a reasonable inference that Defendant had knowledge that the patent-at-issue had expired.

Thus, Relator has satisfied Rule 9(b) by pleading both false marking and knowledge that the patent had expired. As a result, the Complaint creates a rebuttable presumption that Defendant has falsely marked its products with an intent to deceive the public. *Solo Cup*, 608 F.3d at 1362-63. Of course, Defendant may later submit evidence to satisfy its burden to "show by a preponderance of the evidence that it did not have the requisite purpose to deceive." *Id*. at 1364. However, "[g]reater specificity is not necessary at this early stage of the proceedings." *Promote Innovation LLC*, 2010 WL 3120040 at *3. This conclusion is in line with many other district courts that have considered this issue. *E.g. Simonian v. Advanced Vision Research, Inc.*, No. 1:10-cv-1310 (N.D.Ill. Aug. 13, 2010) (attached as Ex. 6); *see also Blistex, Inc.*, 2010 WL 4539450; *see also, e.g., Hallstrom v. Aqua Flora, Inc. et al.*, 2:10-cv-1459 (E.D. Cal. Oct. 15, 2010) (Dkt. #19). As the Northern District of Texas put it:

> At the pleadings stage – viewing facts in the light most favorable to the plaintiff – allegations that a defendant knowingly mismarked an article with an expired patent (i.e., a false statement with knowledge) allows a court to infer intent to deceive the public…. As a sophisticated corporation with patent experience and available legal counsel, Plaintiff creates an inference that Defendant knew the patent expired. Any argument to the contrary ignores the time sensitive nature of patents and the obligations incumbent on patent holders to protect their legal rights.

*Patent Compliance Group, Inc. v. Interdesign, Inc.*, No. 3:10-cv-404-P, slip op. at 17-18 (N.D. Tex. June 28, 2010) (citation omitted) (attached as Ex. 7).

Relator's Complaint sets forth in sufficient detail Defendant's false marking and its knowledge that the patent-at-issue had expired, which permits the Court to infer an intent to

deceive under the Federal Circuit's decisions in the *Clontech* and *Solo Cup* cases. As a result, Defendant's Motion to Dismiss should be denied.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.


Dated:  January 8, 2011                                       Respectfully submitted,


   /s/ Stafford Davis

Stafford Davis
Lead Counsel
State Bar No. 24054605
The Stafford Davis Firm, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

ATTORNEY FOR RELATOR


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 8th day of January, 2011.

/s/ Stafford Davis
Stafford Davis